UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL SADZINSKI,

        Plaintiff,                                    Civil Action No. 13-CV-13940

vs.                                                   HON. MARK A. GOLDSMITH

COUNTY OF OAKLAND, et al.,

        Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF LEAVE TO FILE MOTION TO AMEND COMPLAINT

Plaintiff Paul Sadzinski brought this civil rights case against the County of Oakland, Oakland County Deputy Michael Ritchie, Oakland County Deputy Scott Eriksen, and John Doe Deputies. The parties entered into a stipulated order of partial dismissal, which dismissed certain claims and defendants, leaving only a claim of excessive force pursuant to 42 U.S.C. § 1983 and a state-law claim of assault and battery against Defendant Deputy Eriksen in his personal capacity. See 9/9/2014 Order (Dkt. 20).

The parties have agreed not to file dispositive motions in this matter and, after a period of discovery, the matter is currently slated for trial by jury. In the course of preparing the parties' joint final pretrial order, the parties jointly contacted the Court to settle a dispute arising out of Plaintiff's desire to voluntarily dismiss the assault and battery charge against Defendant Eriksen. Plaintiff cited Federal Rule of Civil Procedure 41(a) as the authority under which he wished to dismiss the charge, and explained that he was willing to dismiss the count with prejudice. Defendant objected to Plaintiff's voluntary dismissal, contending that Plaintiff cannot dismiss one count without also dismissing the other. The Court directed Defendant to file a

1

memorandum with the Court setting forth any authority for his objection.  Defendant timely filed the memorandum (Dkt. 27).

Defendant's memorandum is correct in arguing that Rule 41(a) cannot be used to dismiss less than all of the claims against a single defendant.  See Mgmt. Investors v. United Mine Workers of Am., 610 F.2d 384, 394 n.22 (6th Cir. 1979); 9 Wright, Miller, Kane, Marcus, & Steinman, Fed. Prac. & Proc. Civ. § 2362 (3d ed.) [hereinafter Wright & Miller] ("Similarly, it has been held that when multiple claims are filed against a single defendant, Rule 41(a) is applicable only to the voluntary dismissal of all the claims in an action.").  However, what Defendant fails to recognize or acknowledge in his memorandum is that "[a] plaintiff who wishes to drop some claims but not others should do so by amending his complaint pursuant to Rule 15."  Wright & Miller, supra; see also Mgmt. Investors, 610 F.2d at 394 n.22.

Accordingly, should Plaintiff desire to drop his claim for assault and battery against Defendant Eriksen, he may file a motion to amend to delete the claim.  Any such motion must be submitted to the Court no later than March 31, 2015.  Any response by Defendant must be filed with the Court no later than April 7, 2015.[1]

SO ORDERED.

Dated: March 27, 2015  
      Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
UNITED STATES DISTRICT JUDGE

---

[1] The Court rejects Defendant's argument that a motion to dismiss by Plaintiff would violate the Stipulated Order of Partial Dismissal (Dkt. 20), which provides that "[t]he parties agree to not file any dispositive motion in this matter, inclusive of a motion to dismiss and summary judgment."  The Court interprets that order as barring motions seeking to dismiss the opposing party's claims or defenses, or to obtain judgment in the moving party's favor.  It is unreasonable to construe it to include dismissal of a party's own claim or defense.